



# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:

**Jorge Lucero et al.**

                Debtors.

Case No.: LA09-14427SB

Chapter 7

**OPINION ON DISMISSAL OF UNMARRIED CO-DEBTOR**

Date: June 2, 2009
Time: 11:00 a.m.
Ctrm: 1575

## I. Introduction

This case raises the issue of whether the court may cure the misjoinder of two unmarried debtors in a joint bankruptcy petition by dismissing one of the petitioners and permitting the remaining case to proceed. The court finds that dismissing a single codebtor and allowing the other debtor to proceed as a single petitioner is appropriate in light of relevant case law and pursuant to the court's inherent powers and authority under § 105(a).[1]

The court further holds that this case does not count as a dismissed case for the purpose of limiting the automatic stay that may otherwise apply under § 362(c)(3) in a subsequent case filed within the next year by the codebtor. The court finds that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## II. Facts

Jorge Lucero and Margarita Aguirre filed a joint chapter 7 case on February 27, 2009. They have been living together in a

---

[1] Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C.A. §§ 101-1532 (West 2008) and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036.

1

relationship for such an extended period of time that they consider themselves married, although they never took the steps to legalize their marriage. Before filing the case, the debtors told their attorney that they were married. However, at the meeting of creditors they disclosed to the chapter 7 trustee that they were not in fact legally married and did not realize that they were ineligible to file a joint case at the time they initially met with their attorney and filed the case.

In light of this information, the trustee moved to dismiss the entire case. In response, Ms. Aguirre requested that only she be dismissed from the case so that she could file a separate case.

### III. Analysis

Non-married co-residents may not file a joint petition pursuant to § 302(a), which provides in part: "A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse."

Courts interpret § 302(a)'s "individual and individual's spouse" as applicable only to those couples that are legally married. *See, e.g., Bone v. Allen (In re Allen)*, 186 B.R. 769, 774. (Bankr. N.D. Ga. 1995) (finding that "in order to qualify to file a joint petition under § 302 . . . the two parties must be legally married").

In this case, debtors do not contend that they were legally married.[2] As a result, they were ineligible to file a joint bankruptcy petition pursuant to the statutory requirements of § 302(a). Therefore, the court must determine the appropriate remedy where a joint case was erroneously filed in good faith by non-spouses. The tustee argues that the case should be dismissed in its entirety, while debtors, acknowledging their error in filing the joint petition, request that only Ms. Aguirre be dismissed as a joint codebtors and that Mr. Lucero be permitted to continue with his chapter 7 case.

Prior courts addressing erroneous joint petitions by non-spouses have given debtors the option of dismissing one party in the joint petition or facing dismissal of the entire case. *Allen*, 186 B.R. at 774 (homosexual couple); *In re Lam*, 98 B.R. 965, 966 (Bankr. W.D. Mo. 1988) (mother and daughter); *In re Malone)*, 59 B.R. 2, 3 (E.D. Mich. 1985). In *Allen*, a same sex couple that was not legally married filed a joint petition. *See* 186 B.R. at 774. The court found that the debtors were ineligible to file a joint petition, but allowed them 20 days to dismiss one of the codebtors from the case or face dismissal of the entire case. *Id.* The court in *Lam* similarly allowed a mother and daughter filing a joint petition time 30 days to remove one party from the case before it would order dismissal of the whole case. *Lam*, 98 B.R. at 966. In *Malone,* the court gave the debtors 10 days to amend their chapter 13 petition to cure the defect.

Here, upon recognizing the error in debtors' petition, Ms. Aguirre voluntarily requested her dismissal from the case. Granting such a dismissal is consistent with prior case law protecting the interests of debtors' in light of their procedural mistakes when filing joint petitions. *See Allen*, 186 B.R. at 774; *Lam*, 98 B.R. at 966.

Furthermore, the court has broad statutory authority under 11 U.S.C. § 105 to fashion suitable relief consistent with bankruptcy's principles of fairness and equity favoring debtors. *See, e.g., In Re Saxman*, 325 F. 3d 1168, 1174 (9th Cir. 2003) (authorizing a partial discharge of a student loan pursuant to the court's § 105 powers where the debtor's circumstances satisfied the statutory requirements for an undue hardship in repaying the loan).

Dismissing only Ms. Aguirre from the case and permitting Mr. Lucero's case to proceed based on the court's § 105 power would save the debtors from the consequences of filing an entirely new chapter 7 petition. Such consequences may include the preservation of preference or fraudulent transfer claims that could have expired in the interim, as well as saving the expense of filing a new case for Mr. Lucero. In addition, this resolution would save

---

[2] While California does not recognize a "common law marriage" without compliance with state formalities, some other states do. The debtors do not contend that they ever qualified as common law spouses under the laws of any other state.

2

valuable judicial resources that would otherwise have to be expended on two new cases rather than only one new case. Thus, the court's holding is based on underlying principles of fairness and equity that may be applied in these circumstances.

Finally, the court holds that dismissal of Ms. Aguirre from the case will not operate as a dismissal of a bankruptcy case for the purpose of § 362(c)(3)'s limitation on the automatic stay in Ms. Aguirre's subsequent case. Section 362(c)(3) provides that, if a debtor had a prior case that was pending and dismissed within a year of the filing of the new case, the automatic stay in the subsequent case automatically terminates after 30 days following the filing, unless extended by the court on the motion of a party in interest. Section 362(c)(3) does not apply because the court is not dismissing the existing case, but rather it is only removing Ms. Aguirre as a debtor herein. Therefore, Ms. Aguirre's subsequent individual case will not be subject to the § 362(c)(3) limitation on the automatic stay.

### IV. Conclusion

The court finds that dismissing only Ms. Aguirre from this case is an appropriate remedy in light of policies favoring debtors drawn from relevant case law and the court's statutory authority and its discretion pursuant to 11 U.S.C. § 105 (a). Dismissal of the entire case in these circumstances would be inconsistent with bankruptcy courts' practice of permitting joint petitioners in error to amend their petitions. It would also inconvenience both the debtors and the court by expending further judicial resources on the basis of a procedural error.

Finally, because this case is not dismissed, the 30-day limit on automatic stay under § 362(c)(3) will not apply in Ms. Aguirre's subsequent individual case, if it is filed within a year hereafter.

Dated: July 6, 2009.

Hon. Samuel L. Bufford
United States Bankruptcy Judge

3

**NOTE TO USERS OF THIS FORM:**

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **OPINION ON DISMISSAL ON CO-DEBTOR** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of July 6, 2009, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Shannon Doyle, Esq.        sdoyle@blclaw.com
John P. Pringle, Trustee   jpringle@ecf.epiqsystems.com
United States Trustee      ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Jorge Alberto Lucero
1412 East "L" Street
Wilmington, California 90744

Margarita Aguirre
1412 East "L" Street
Wilmington, California 90744

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐ Service information continued on attached page

**ADDITIONAL SERVICE INFORMATION** (if needed):